UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SCOTTIE CROSBY,

                Plaintiff,

v.                                             Case No.  5:06-cv-344-Oc-10GRJ

N.C.O. FINANCIAL SERVICES, INC.,
FEDERAL BOND COLLECTION SERVICES,
INC., GLOBE LIFE/ACCIDENT INSURANCE
COMPANY,

                Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

Pending before the Court are Plaintiff's Complaint (Doc. 1) and Plaintiff's Affidavit of Indigency (Doc. 2), which the Court will treat as a motion for leave to proceed *in forma pauperis*. Defendant NCO Financial Services, Inc. ("NCO") subsequently filed a Response To Plaintiff's Petition For Writ of Mandamus requesting the Court to deny Plaintiff's petition for writ of mandamus and requesting the Corut to dismiss the case with prejudice. (Doc. 6.)

For the reasons discussed below, the Court recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and Plaintiff's Complaint should be **DISMISSED**.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

## I. **BACKGROUND & FACTS**

Plaintiff, proceeding *pro se*, initiated this case by filing a document identified as a Writ of Mandamus. Although Plaintiff's claim, the relief requested and the allegations in the Complaint are difficult to decipher the Court has some further insight into the background of this case because the factual allegations in this case are virtually identical to another case recently filed by Plaintiff, Case No. 5:06-cv-217-WTH-GRJ ("Crosby I"), in which Plaintiff sued Sumter County, Florida, Sumter County Florida School Board, Sumter County Commissioners, Wildwood, Florida Mayor (or Head Official) and the State Retirement System for violation of unspecified "state/federal constitutional rights." In this case, (hereinafter "Crosby II"), Plaintiff has named N.C.O. Financial Services, Inc., Federal Bond Collection Services, Inc. and Globe Life/Accident Insurance Company as defendants and claims they violated his "(Due Process) [sic] Constitutional Rights."

Crosby I and Crosby II both concern the same life insurance policy, which allegedly insured Thelma James. Plaintiff claims he is a beneficiary under the James policy. According to Plaintiff, Mrs. James was a retired high school bus driver in Sumter County, Florida prior to her death. At some unspecified date, during the period of time when the schools were involved in the process of integrating black students into white high schools, "Sumter County, Florida Commissioners, the School Board Superintendent, [and] the City of Wildwood ... conducted a meeting and decided to insure all bus drivers/ mechanics ... for an increasible (sic) $150,000.00 policy" determined by the number of years the policy holder lived after retirement.

In Crosby I, Plaintiff alleges that upon the death of the policy holder, the proceeds of the policy were to be invested for five (5) years in a profit-sharing plan through Federal Bond Collection Services, Inc. ("Federal Bond"). Subsequent to Mrs. James' death on October 26, 1998[2], Plaintiff alleges that Globe Life Accident Insurance Company denied the insurance benefits on the grounds that Mrs. James was not insured at the time of her death. As disclosed by a letter dated September 8, 2003 from the State of Florida Department of Financial Services (a copy of which is attached to Plaintiff's Complaint in Crosby I) addressed to the Plaintiff, the Department of Financial Services advised Plaintiff that it had been notified by Sumter County Schools and the State Retirement System that no benefits would be payable because neither organization was deducting for any life insurance on Thelma James at the time of her death.

In Crosby II, Plaintiff includes additional facts and requests that the Court issue a writ of mandamus. Plaintiff alleges that upon Mrs. James' death, the policy should have a "[v]alue ... around $125,000 plus double denity (sic) [of] $250,000.00." Plaintiff states that he was listed on Ms. James' insurance policy as a beneficiary. Plaintiff also alleges that his daughter was supposed to receive a college funding offer under the policy and that the Defendant Federal Bond is listed on the "computer" under the "Sumter County School Employee College funding."

At some unspecified date after Mrs. James' death, Globe "surrendered James policy to N.C.O. Financial Services to invest for a 5 yrs [sic] period 1998-2003." Plaintiff

---

[2] Mrs. James' death is disclosed on the Certificate of Death attached to Plaintiff's Complaint in Crosby I.

states that he notified Globe of Mrs. James death in 2005 and that he "surrendered a (72) hour notice and received no response." Furthermore, Plaintiff states that "NCO Company were given approximately 5 months to complete this transfer and 'have not did so [sic].'"

Plaintiff demands damages against N.C.O. for some unspecified sum for failure to monitor the policy and requests that the Court order Defendant NCO to relinquish its share of profit sharing under the life insurance policy and pay Plaintiff $500,000 for NCO's alleged failure to collect assets on behalf of the beneficiary of the policy.

## II. DISCUSSION

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether his claims have merit or whether the Complaint should be dismissed on some other ground. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.

Additionally, although Defendant NCO has not formally filed a motion to dismiss, in its response to the "writ of mandamus" it requests the court to dismiss the case. (Doc. 6.) Dismissal of an action is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.[3] The Court must accept as true all well-pleaded factual allegations and

---

[3] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957).

reasonable inferences from those allegations in ruling upon such a motion.[4] A complaint is sufficiently pled "if it shows that the plaintiff is entitled to <u>any</u> relief which the Court can grant, regardless of whether it asks for the proper relief."[5] Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.[6]

Here, even viewing Plaintiff's claim in the light most favorable to Plaintiff, and pursuant to the liberal pleading standards of *Conley v. Gibson*,[7] the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.

The most material deficiency in Plaintiff's complaint is that his claim is simply not appropriate to support a request for issuance of a writ of mandamus. Pursuant to Rule 81(b) of the Federal Rules of Civil Procedure, writs of mandamus have been abolished and do not exist in federal court procedure.[8] As such, federal district courts lack authority to issue a writ of mandamus, as requested by Plaintiff.

Further, although in very limited circumstances courts may issue writs in the nature of mandamus under 28 U.S.C. § 1651 "in aid of their respective jurisdictions and

---

[4] Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) (citation omitted), *cert. denied*, 113 S.Ct. 1586 (1993).

[5] Dotschay v. National Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957) (emphasis added).

[6] Tigner v. Internal Revenue Service, No.:1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

[7] Conley, 355 U.S. at 45-46 (1957) (holding that a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[8] Finely v. Chandler, 377 F.2d 548 (9th Cir. 1967), *cert. denied*, 88 S.Ct. 146, 389 U.S. 869, 19 L.Ed. 2d 147.

agreeable to the usages and principles of law"[9] the claims in this case would not qualify for such relief.

Traditionally, writs of mandamus were issued by appellate courts to direct an inferior court to exercise its jurisdiction[10] and were used by a party to compel government agencies or government officials to do something they were required by law to do. Notably, the use of writs of mandamus is extremely limited. The Supreme Court has observed that writs of mandamus are "extraordinary remedies ... [that] are reserved for really extraordinary causes."[11] Moreover, even in the limited circumstances where a writ of mandamus may be issued, there is simply no legal authority to support, as here, the use of a writ of mandamus to obtain a money judgment for damages in a suit against private individuals or entities.

In this case the issuance of a writ of mandamus would be totally inappropriate because even assuming Plaintiff has a valid claim against the Defendants he has an adequate remedy at law, i.e. a suit for money damages. Moreover, the Defendants are private parties and not governmental entities who Plaintiff is requesting be ordered to comply with ministerial acts. Instead, Plaintiff is seeking to hold the Defendants liable for significant money damages as a result of their alleged conduct.

Accordingly, Plaintiff's claim for issuance of a writ of mandamus against private parties for an unspecified role in allegedly failing to pay monies under a life insurance

---

[9] Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed. 2d 459 (2004).

[10] Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 106 (1943).

[11] Ex parte Fahey, 332 U.S. 258, 259-60, S.Ct. 1558, 91 L.Ed. 2041 (1947).

contract does not state a claim upon which this Court can grant relief and therefore is due to be dismissed.

Even assuming, however, that the Court did not interpret Plaintiff's complaint as one seeking the issuance of a writ of mandamus, but instead interpreted it as a complaint for money damages, Plaintiff has still failed to state a claim upon which relief can be granted because the Complaint is devoid of any mention of any claim other than the Plaintiff's conclusory statement that "(Due Process) Constitutional Rights are in violation." Plaintiff, however, has failed to allege any basis for proceeding with a constitutional claim.

The exclusive means for bringing a claim for damages in federal court for a constitutional violation is pursuant to 42 U.S.C. §1983 against a state actor.[12] To employ § 1983 as a remedy for a deprivation of constitutional rights, a plaintiff must show that the alleged deprivation was committed by a person acting under the color of state law - a state actor.[13] Purely private conduct is not within the reach of the statute.[14] However, a private individual or entity may be regarded as acting under the color of state law under certain limited circumstances,[15] such as where a plaintiff illustrates that the act of the

---

[12] Vason v. City of Montgomery, 240 F.3d 905 (11th Cir. 2001); Butts v. County of Volusia, 222 F.3d 891, 892 (11th Cir. 2000); St. Louis v. Sands, 401 F.Supp.2d 1351 (S.D.Fla. 2005)

[13] West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed. 2d 40 (1988).

[14] 42 U.S.C. § 1983.

[15] Hennessey v. National Collegiate Athletic Ass'n, 564 F.2d 1136, 1144 (5th Cir. 1977). All decision of the Fifth Circuit prior to October 1, 1981, are binding precedent on this Court. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

individual or entity is attributed to the state,[16] or where the actor was a person to whom the state may be held responsible.[17] However, none of these circumstances are present in this case.

In this case, Plaintiff's complaint is devoid of any allegations that the Defendants were state actors. Moreover, an examination of the nature of the claim in this case suggests that none of the Defendants could possibly be considered state actors. Defendant NCO, is a debt collection company, and a private entity. Globe is an insurance company that allegedly issued a life insurance policy for Mrs. James, which may have been paid for by her employer, the Sumter County School Board. The issuance of a life insurance policy by a private entity cannot and would not make Globe a state actor. With regard to Federal Bond Collection Services, Inc. Plaintiff does not even offer a hint as to what its role was or even what it is. However, based upon its name it is evident that Federal Bond Collection Services, Inc. is a corporation of some sort and not a governmental entity or a state actor. Accordingly, there are simply no facts alleged in the complaint which arguably could support a claim for a violation of Plaintiff's constitutional rights under section 1983.

The rules of pleading are spelled out in the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint falls woefully short of complying with this rule because the Complaint fails to

---

[16] Chumbley v. Gashinski, 983 F. Supp. 1406 (M.D. Fla. 1997), *aff'd in part, rev'd in part without published opinion*, 196 F.3d 1260 (11th Cir. 1999).

[17] West, 487 U.S. at 49.

provide the Defendants with fair notice - or for that matter any notice - of the rights that Plaintiff alleges were violated or what connection the Defendants allegedly had to the violation of Plaintiff's constitutional rights.

Instead, without alleging what the Defendants did, the Complaint begins with generalized allegations that Plaintiff's "(Due Process) Constitutional Rights are in violation." The Complaint names three Defendants, two of which are barely mentioned in the entire complaint. Plaintiff mentions Federal Bond once as the "name listed on Computer under Sumter County school Employee College funding" and states that Globe allegedly insured Mrs. James and then "surrendered James Policy to N.C.O. Financial Services to invest for a 5 yrs [sic] period." There are no allegations of the nature or type of wrong NCO committed against Plaintiff. Plaintiff, instead, sporadically lists several things that NCO did not do - "complete this transfer," monitor the profit sharing, "collect assets payable to beneficiary" and "pay taxes on taxable money due to beneficiary." The reader is left to guess and speculate as to what is the basis for the claims or even how the Defendants were involved with the life insurance policy. There is simply nothing in the complaint that is alleged that remotely would support a claim for a violation of Plaintiff's constitutional rights.

Therefore, even with the most liberal interpretation of the allegations in Plaintiff's complaint he has simply failed to state a claim upon which relief may be granted and has failed to make a sufficient showing to support his request to proceed *in forma pauperis*.

If indeed, Plaintiff really intended to file suit as a beneficiary of a life insurance policy against the company that issued the policy such a claim could be brought simply

9

by attaching a copy of the policy and alleging the facts and circumstances that support the alleged breach. Plaintiff has not done that here and instead inappropriately has attempted to bring this action as a request for issuance of a writ of mandamus. As discussed above, Plaintiff cannot request the issuance of a writ of mandamus under these circumstances and the Court does not have the authority to issue a writ of mandamus based upon a claim against private parties for money damages.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 2) be **DENIED** and that Plaintiff's Complaint (Doc. 1) be **DISMISSED**.

**IN CHAMBERS** in Ocala, Florida, on December 22, 2006.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
   The Honorable Wm. Terrell Hodges
   Senior United States District Judge

   *Pro Se* Plaintiff
   Counsel of Record